# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERI DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-727-SMY-RJD |
| | ) |
| PENN ALUMINUM INTERNATIONAL, LLC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Teri Davis filed this action, alleging she was subjected to disparate treatment, gender discrimination, and sexual orientation discrimination by her employer, Penn Aluminum International, LLC. ("Penn"), after a consensual sexual relationship with a supervisor ended in August, 2015. Summary judgment was granted in favor of Penn on March 8, 2019 by now-retired District Judge Michael J. Reagan on the basis that Davis presented no evidence demonstrating she was discriminated against on account of her gender or sexual orientation (Doc. 36). Now pending before the Court is Penn's Motion for Attorney Fees (Doc. 40) to which Davis has responded (Doc. 46). For the following reasons, the Motion is **DENIED**.

The sole basis for Penn's request for attorney fees is Davis' purported failed attempt to establish a claim of hostile work environment/sexual harassment. The claim was not set forth in Davis' Complaint (Doc. 1) nor did Davis attempt to amend the Complaint to assert such a claim. However, because Davis allegedly attempted to raise a hostile work environment claim during her deposition, Penn preemptively addressed the claim in its Memorandum in Support of its Motion for Summary Judgment (Doc. 25, pp. 16-21). Following Penn's lead, in her Response to the

Motion for Summary Judgment, Davis argued that she was subjected to a hostile work environment in addition to discrimination (Doc. 26). Penn then devoted almost 2 of its 5-page Reply Brief arguing that Davis had not alleged a hostile work environment/sexual harassment claim and could not support such a claim. Judge Reagan subsequently found that Davis could not assert the claim in her Response and concluded that even if the Court were to entertain such a claim at that juncture, it would fail as a matter of law because Davis presented no evidence that she was subjected to a hostile work environment or sexual harassment.

Penn now argues that the hostile work environment claim was frivolous, lacked support in the evidence, and should not have been pursued and claims that it incurred $5,876.50 in attorney fees addressing the claim.[1] Title VII of the Civil Rights Act of 1964 permits the Court, in its discretion, to award "reasonable attorney's fee" to a prevailing party. 42 U.S.C. § 2000e-5(k). However, a prevailing defendant may be awarded fees only in exceptional cases; "only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Equal Employment Opportunity Commission v. CVS Pharmacy, Inc.*, 907 F.3d 968, 973 (7th Cir. 2018) (quotation marks and citations omitted).

Here, Penn clearly baited a hook and now is crying foul. Davis did not assert a hostile work environment or sexual harassment claim in her Complaint. By preemptively arguing against such a non-existent claim in its Memorandum in Support of Summary Judgment, Penn took it upon itself to raise the issue and to address the claim on the merits. Had it not done so, the issue would

---

[1] In fact, Penn claims that it spent more than this amount (Doc. 40-1). The amount requested includes 10 hours at $325.00 an hour for the work of attorney Tabitha G. Davisson (at partner at Thompson Coburn, LLP) and 10.3 hours at $225.00 an hour for the work of attorney Conor P. Neusel (presumably an associate at Thompson Coburn). Penn is not seeking reimbursement for the time of a third attorney, Hope K. Abramov, or other time spent on this matter that was not billed. In total, Thompson Coburn attorneys spent 96.60 billable hours drafting and revising the Motion for Summary Judgment, the memorandum, and the reply brief. The amount of the request is a pro rata share reflecting the number of pages devoted to the hostile work environment claim in their memorandum and reply briefs (17.5% and 50%, respectively).

not have been addressed by the Court and the result would have been the same – judgment for Penn. To be sure, Davis took the bait and bundled sexual harassment arguments with her discrimination claim arguments. But Penn gave the claim life by addressing it on the merits in the first instance. Under these circumstances, this Court does not find Davis' pursuit of the same wholly unreasonable. Accordingly, Penn's Motion for Attorney Fees (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 25, 2019**

**STACI M. YANDLE**
**United States District Judge**